Pearson, J.
 

 If two men fight upon a sudden quarrel, and one be killed, it is but manslaughter, although the death is caused by the use of a deadly weapon.
 

 But if, in such case, the killing be committed in an
 
 unusual manner,
 
 showing evidently that it is the effect of deliberate wickedness — malice, not passion, it is murder, although there be a high provocation.
 

 It is well settled that this is the genei’al rule and the exception. His Honor was of opinion that the case under consideration fell within the exception, and the prisoner was guilty of murder. There is error.
 

 From the manner in which the case was put to the jury, the prisoner is entitled to the benefit of every inference that the jury were at liberty to draw in his favor; for, his Honor took the case from the jury, and instructed them that in the most favorable point of view, the prisoner was, according to the evidence, guilty of murder.
 

 The facts, then, are to be taken to present this case : Two free negroes start for the purpose of carrying a boat up the river ; in a short time they get into a quarrel: one seizes a pole fifteen feet long, the other a slide, or a piece of plank, eight feet
 
 *284
 
 long ; the deceased gives the first blow, by a stroke or push with the pole, (which has an iron spike at the end,) making a bruise or
 
 puncture
 
 on the cheek of the prisoner, and a bruise or cut over one of his eyes ;• .the pole is broken by being struck against the side or bottom of - the boat; the prisoner gives the deceased a blow with the slide on his head, by which he is knocked down upon the bottom of the boat; after he is down, the prisoner continues to strike with the slide many times; how many times he struck cannot be determined; the deceased died twenty-four hours afterwards. A witness says he continued to strike from the time the boats were one hundred and fifty yards apart, until they got near enough to see that he was striking at deceased in the bottom of the boat — one boat floating down the stream, and the other passing up to meet it. An examination of the body shows that “ the arms were bruised, and one of them broken. The scull was fractured, and there was blood over the brain. The head was bruised and bloody all over.”
 

 Suppose the arm was broken by one blow, the scull by another which knocked the deceased down upon the bottom of the boat; this natural evidence, furnished by the state of the body, about which there can be no mistake, for it is not under the influence of the imagination, shows that there could not have been many other blows inflicted, and the evidence can only be reconciled by supposing that after the deceased was down in the bottom of the boat, not more than one out of ten of the blows made with a plank eight feet long, could take effect upon the body of the deceased. So, the force of most, if not all the blows, stricken after the deceased was down, must have been spent upon the sides or bottom of the boat.
 

 We must here observe, that the fact that the prisoner
 
 continued to strike
 
 with the slide, after the deceased was lying in the bottom of the boat, and did not punch or
 
 job
 
 with the end, which was the only way in which the slide could then have been use d with deadly effect, tended strongly to show that he was acting under
 
 *285
 
 the blind fury of passion, caused not merely by the provocation of a blow, but by the excitement of a fight.
 

 Assuming these to be the facts, the question is, does the case fall within any exception, so as to be murder, and not manslaughter ? Take a general view of the subject. If two men upon a sudden quarrel, get into a fist fight, and one, without giving notice, draws a knife, and stabs the other to the heart, or blows his brains out with a pistol, it is manslaughter, because, out of regard to the frailty of our nature, the killing is supposed tó be the effect of passion, brought on by the high excitement of the fight. Does the case under consideration, where both parties seize upon weapons not prepared before hand, but of a most unwieldy kind, and continue to use the same weapons throughout the conflict, bear any comparison in regard to its enormity with the eases of manslaughter stated above ?
 

 To go more into particulars: In order to make the proper application of a rule of law, it is necessary to reflect and see upon what principle the rule is founded, although there be a great provocation, if the presumption that the party acted under it is rebutted, and it be shown that he acted from malice, the killing is murder. State v. Johnson 1 Ired., 354; State v. Martin, 2 Ired. 101. If one puts his adversary to death in an unusual manner, the fact of his going out of the usual way, sho'ws that he acted deliberately, and not under the impulse of passion, which always moves strightforward. Such deliberation shows malice. This is the principle (and it is founded in our nature) upon which the exception is made. For instance, two men upon a sudden quarrel, engage in a bloody fight, and are separated; whereupon, one of them proposed to “drink as friends,” and contrived to put poison in the cup of his adversary: this is murder; for, although there is great provocation, and the thing is done instantly, while the blood flows and the wounds continue to smart, still, it was not done in the way that passion influences men to act, and shows deliberate wickedness of heart, which amounts to malice. 1 Hale, 453. So, if two persons fight,
 
 *286
 
 and one of them overpowers the other, and then puts a rope around his neck, and strangles him, it is murder. “ The act is so wilful and deliberate, that nothing can justify it.” Rex. v. Shaw, 25 E. C. L. 443.
 

 On the other hand, we will state two other cases which were held not to come within the exception — upon a sudden quarrel, the prisoner pushed the deceased down; he got up and struck the prisoner several blows in the face with his fist; the prisoner pushed him down again, and stamped him upon the belly and stomach two or three times, and as he was getting up, kicked him in the face, “ the blood came out of the mouth and nose of deceased, he fell backwards, and died the next day.” Held to be manslaughter. Ayes’ ease, 1st Russel 496.
 

 Upon a sudden quarrel, two draw their swords and fight, the prisoner runs his sword through the body of the deceased, and after he fell, took him by the nape of the neck, dashed his head upon the ground, and said, “ d — n you, you are dead.” Jemeb, R., told the jury this was only manslaughter; but the jury were disposed to find it murder, because of the dashing of the head against the ground; but AllisoN, J., repeated to them that it was manslaughter only, and they found accordingly. WATTERS’ case, 12 State Tri. 113. The eases put above of one who, after engaging in a fist fight, without notice, stabs his adversary to the heart with a knife, or blows his brains out with a pistol, are as strong, if not stronger, than either of the two; and the principle is established, that where there is a strong provocation, and the violence is but the natural and usual effect of passion excited to the highest pitch, the killing is but manslaughter. We, therefore, think his Honor erred in holding that the prisoner’s case came within the exception, and that he ought to have instructed the jury that it was manslaughter only; for there was a strong provocation, greatly excited by the exchange of blows, and the many blows given, or attempted to be given, while the deceased was lying on the bottom of the boat, were but the natural and ordinary effect of blind passion or “furor brevis,”
 
 *287
 
 as tbo books call it. Under such circumstances, a man is not expected to count his blows or note their violence.
 

 The general rule is, that a killing upon legal provocation is manslaughter.. There is a second exception — if the provocation be
 
 slight,
 
 or as Foster calls it “trivial,” and the killing is done with a degree of violence
 
 out of all proportion to the provocation,
 
 it is murder. The exception is made upon the ground, that as the provocation was slight, such excessive violence cannot be attributed to it, and must proceed from wickedness of heart: malice, not passion. This exception, as a matter of course, only applies where the provocation is slight; for, if the provocation be great, the violence cannot be out of all proportion to it. Accordingly, Foster, in his Crown Law, 291 and 292, expressly confines it to “ cases of homicides upon
 
 slight
 
 provocation and for illustration, refers to several cases. A., finding a trespasser upon his land, knocks his brains out with a hedge stake. This is murder, because of the excess of violence. A parker found a boy stealing wood. He bound him to his horse’s tail and beat him: the horse took fright, ran off, and dragged the boy on the ground, so that he died. This was held to be murder. The judges laid much stress upon the fact, that the boy come down out of the tree as soon as he was bid, and made no resistance. So the provocation was slight. Crown Cases, 131.
 

 A woman gave a soldier a box on the ear; he struck her in the breast with the pummel of his sword. The woman fled. He pursued and stabbed her in the back. “ Holt was at first of opinion that this was murder. A single box on the ear from a woman not being a sufficient provocation to kill in this manner, after he bad given her a blow in reten for the box on the ear.” But, afterwards, it appearing that the woman had struck the soldier in the face with an iron patten, and drew a great deal of blood, it was held clearly to be no more than manslaughter. This case, and the others put by Foster, show conclusively, that the exception we are now considering, only applies to cases where the provocation is slight. His Honor, in the first part of
 
 *288
 
 the charge, held, that the prisoner’s case fell within the exception, and failed to advert to the fact that the doctrine was not applicable, because there was strong provocation, and the excitement of a fight.
 

 There is a third exception. If one, having the right to chastise, as a parent or master, exceeds the bounds of moderation, the killing, although he did not intend to kill, will be manslaughter, as a general rule. The exception is, that if the measure of the punishment, or the instrument used, is “likely to kill, due regard being always had to the age and strength of the party, the offence is murder” Foster, 262. As where a master corrected his servant with an iron bar, and a schoolmaster stamped on a scholar’s belly, so that they died. 4 Blackstone, 199.
 

 This exception has no bearing upon the case before us, but we thought it proper to state it, in connection with the two others, so that the whole might be presented, and the dividing line, between the three exceptions to the general rule in regard to manslaughter, might be distinctly marked.
 

 1st. Where there is strong provocation, if the killing is done in an unusual manner, it is murder.
 

 2nd. Where there is but slight provocation, if the killing is done with an excess of violence, out of all proportion to the provocation, it is murder.
 

 3rd. Where the right to chastise is abused, if the measure of chastisement or the weapons used be likely to kill, it is murder.
 

 We were induced to enter thus fully into the subject, for the purpose of explaining some general remarks that fell from the Court in the opinion delivered in the case of State v. Jarratt, ' 1st Ired., 86, which (as we suppose) misled the learned judge who tried the case below, by confounding the distinction between the 1st and 2d exceptions, so as to put a case of strong or “grievous” provocation upon the same footing with one where the provocation was slight and “trivial.”
 

 Judgment reversed.
 
 Venire de
 
 novo.